UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL RASKIN,                                    CASE NO.: 12-cv-80479

    Plaintiff,

vs.

NORMAN L. STONE,

    Defendant.
_____/

# PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION FOR PERMISSION TO CONDUCT LIMITED DISCOVERY AS TO VENUE

Plaintiff, MICHAEL RASKIN, moves this Court pursuant to Fed.R.Civ.P. 6(b), for the entry of an Order enlarging the time by which it must serve its response to the Defendant, NORMAN STONE's, Motion to Dismiss or Transfer For Improper Venue (the "Motion to Transfer Venue") or, in the alternative, for permission to conduct limited discovery as to the issue of venue, for the following reasons:

1.    Plaintiff, MICHAEL RASKIN ("Raskin") commenced this action seeking the recovery of damages for, inter alia, breach of contract, promissory estoppel, breach of fiduciary duty, fraud, conversion, to correct inventorship of a patent, declaratory relief, and for an accounting.

2.    Raskin alleges that he and Defendant, NORMAN STONE ("Stone"), formed several companies[1] to design and manufacture luxury and vinyl tile and to sell it to distributors. Raskin alleges that while he has received an equity interest in several companies utilized by the parties to commercialize the flooring products, Stone has failed to convey to him or recognize his equity

---

[1] As alleged in the Complaint, Raskin and Stone formed Metroflor Corp. ("Metroflor"), a Delaware corporation, Tru Woods, Ltd., Vertex, Ltd., In Daquor, Ltd., and GC Distribution Systems, LLC (hereinafter collectively referred to as the "Metroflor Entities") (Complaint ¶18, 22, 23, and 24).

interests in several other entities, and that Stone has taken action to divert business from the entities in which Raskin has an ownership interest in or otherwise destroy those entities to Raskin's detriment.

3. Through the Motion to Transfer Venue, Stone has asserted that the venue of this action is appropriate in either New York or Connecticut based upon his contention that he is resides in New York and many of the witnesses are located in Connecticut.

4. Raskin's response to Stone's Motion to Transfer Venue is due on July 10, 2012. Raskin has alleged in the Complaint that Stone resides in Florida, that several of the Metroflor Entities owned and controlled by Stone have offices in Florida, and that Stone conducts business through those offices located in the State of Florida. (Complaint ¶2, 18, 24).

5. Conspicuous by its absence in Stone's Motion to Transfer Venue is any reference to the fact that there is litigation pending between the parties that was initiated <u>by</u> Stone on behalf of a Trust in the State of Delaware, not in New York or Connecticut which Stone contends is the appropriate forum for this action.

6. In this regard, on or about April 27, 2012, just days before the commencement of this action, Stone, as Trustee for the Stone 2003 Grandchildren Trust (the "Stone Trust"), filed a lawsuit in the Delaware Chancery Court in case styled <u>Stone 2003 Grandchildren Trust v. GC Distribution Systems, LLC and Michael Raskin</u>, C.A. No.: 7467-CS (the "Delaware Litigation"). Through the Complaint filed in the Delaware Litigation, Stone challenged the status of Raskin as a manager and member of GC Distribution Systems, LLC ("GC Distribution").

7. In response to the Complaint filed in the Delaware Litigation, Raskin filed a Counterclaim through which he has alleged, inter alia, that the Stone Trust has breached the Limited Liability Company Agreement for GC Distribution, breached its fiduciary duty, and violated the deceptive trade practice act by diverting customers from GC Distribution to other entities in which he has an ownership interest so as to destroy Raskin's 50% ownership interest in GC Distribution.

8. GC Distribution is one of the Metroflor Entities referenced in the Complaint that was formed by Raskin and Stone as part of their agreement to commercialize the flooring products that they developed and manufactured. GC Distribution was utilized by Raskin and Stone to market adhesives packages to purchasers of Metroflor's flooring products. (Complaint ¶24).

9. GC Distribution has its principal place of business in Palm Beach County, Florida, and Stone has exercised direct authority over the business activities of GC Distribution from the time the Company was first formed in 2002 through at least June 5, 2012. (Complaint ¶24).

10. Metroflor Corp., another entity jointly owned by Raskin and Stone, is a Delaware corporation, also has offices located in Florida through which Stone conducts business. (Complaint ¶18).

11. On July 6, 2012, a hearing was held in the Delaware Litigation on Raskin's Motion for Temporary Restraining Order and Motion for Expedited Proceedings (the "TRO Motion"). Through the TRO Motion, Raskin alleged that the Stone Trust, though its related entities, has advised customers or clients of GC Distribution that the Company is shutting down and has diverted calls from customers or clients of GC Distribution to other affiliated entities in order to sabotage GC Distribution.

12. The Stone Trust's response to Raskin's allegations set forth in the TRO Motion was that the Stone Trust has a legal right to compete with GC Distribution. However, Chancellor Strine stated that the right to compete is different than advising third parties that GC Distribution has shut down and redirecting calls from customers who want to place an order with GC Distribution:

> "Getting to compete is different than telling people who call up and want to place an order with the company of which you're a fiduciary, "We're closed," or, "By the way, we're selling through another." That is not legitimate competition. That's just breach of duty. It just is." (Tr. 28).[2]

13. At the conclusion of the hearing, Chancellor Strine suggested that the parties agree upon one forum in which to litigate all of their pending claims. (Tr. 28, 41).

14. Consistent with Chancellor Strine's comments at the July 6, 2012 hearing, Raskin's counsel has contacted Stone's counsel to inquire whether Stone and his related entities and/or Trusts will agree to litigate all their claims in one forum. Stone's counsel has not responded to the foregoing inquiry and is apparently is unwilling at this time to commit to litigating all of the claims between the parties in one particular forum.

15. Without the consent or agreement of the parties as to one forum in which to litigate all their claims, Stone and/or the Stone Trust may allege that the jurisdiction and venue for any claims relating to GC Distribution does not exist in New York or Connecticut, the forums Stone has alleged are the only appropriate forums for this action.

---

[2] The transcript from the hearing before the Delaware Chancery Court on July 6, 2012, is attached hereto as Exhibit "A."

4

16. In any event, having elected to institute legal proceedings against Raskin in Delaware in connection with GC Distribution, a Metroflor entity with its principal place of business in Florida, Stone should not be permitted to argue that the venue of this action is only proper in New York or Connecticut.

17. Indeed, Stone has alleged that venue is appropriate under 28 U.S.C. §1391(b)(2) in the district where the alleged events or omissions giving rise to the claim occurred. With respect to GC Distribution, the alleged events or omissions giving rise to the claim occurred in Florida, where GC Distribution has its headquarters and was managed directly by Stone. Lisseveld v. Marcus, 173 F.R.D. 689, 700 (M.D. Fla. 1997) ("Where more than one district is potentially a proper forum, the court is not required to determine the "best" venue. Setco Enterprises Corp. v. Robbins, 19 F. 3d 1278, 1281 (8th Cir. 1994). The question to ask is whether the district the plaintiff chose has personal jurisdiction over the defendants, whether or not other forums had greater contacts").

18. Accordingly, Raskin respectfully requests the entry of an Order extending the time by which it must file its response to Stone's Motion to Transfer Venue so as to allow the parties to continue their discussions as to whether to litigate all their claims on one forum, whether that forum is Florida, Connecticut, Delaware, or New York.

19. Alternatively, Raskin seeks an extension of time to respond to the Motion to Transfer Venue so as to enable him to conduct limited discovery as to factual disputes regarding venue.

20. Attached hereto as Exhibit "B," is an Affidavit from the process server who attempted to serve process upon Stone at Metroflor's office in Connecticut. As set forth in the attached Affidavit, the process server was expressly advised by Metroflor's President, Russell Rogg, that "Norman Stone is still the chairman of Metroflor but has retired to Florida." It is undisputed that

Norman Stone owns a residence in Florida. Accordingly, there are factual issues as to Stone's domicile upon which Stone's Motion to Transfer Venue is predicated.

21. As a matter of law, there is a qualified right to conduct jurisdiction or venue discovery recognized in the Eleventh Circuit. <u>Eaton v. Dorchester Development, Inc.</u>, 692 F. 2d 727, 729 (11th Cir. 1982); <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 n. 13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues); <u>Bernardele v. Bonorino</u>, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009).

22. Because there is a genuine dispute regarding the question of venue, Raskin should be permitted an opportunity to conduct limited jurisdictional discovery, especially since the Affidavits offered by the parties reflect certain contradictions as to Stone's domicile and residence.

23. As set forth above, Raskin's counsel has conferred with Stone's counsel regarding reaching an agreement on an appropriate venue for this action. However, in light of the Chancellor Strine's comments in the Delaware Litigation at the hearing on July 6, 2012, that the parties should agree upon one forum in which to litigate all their claims, Raskin respectfully requests an extension of time of thirty (30) days in which to attempt to resolve the issue as to the appropriate forum or if no agreement is reached to conduct limited discovery and to file its response to Stone's Motion to Transfer Venue.

24. The undersigned counsel has contacted counsel for Stone who has advised that he does not consent to the requested enlargement of time.

WHEREFORE, Plaintiff, MICHAEL RASKIN, moves this Court for the entry of an Order extending the time by which it must respond to Stone's Motion to Transfer Venue for thirty (30) days or until August 9, 2012, in which to respond to said Motion, and for such other and further relief as is deemed just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has served through electronic filing this 10th day of July, 2012 to: SAMUEL A. DANON, ESQ., Hunton & Williams, LLP, 1111 Brickell Avenue, Suite 2500, Miami, Florida 33131 and to KEITH R. HUMMEL, ESQ., Cravath, Swaine & Moore, LLP, 825 Eight Avenue, New York, New York 10019.

> LAW OFFICE OF RICHARD A. IVERS
> Counsel for Plaintiff
> 7451 Wiles Road, Suite 101
> Coral Springs, Florida 33067
> Telephone: (954) 757-6262
> Facsimile:  (954) 757-6594
>
> By: s/.Richard A. Ivers
>     RICHARD A. IVERS
>     Florida Bar No.: 890261