UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80479-CIV-MIDDLEBROOKS/BRANNON

MICHAEL RASKIN

                *Plaintiff*,

                v.

NORMAN L. STONE

                *Defendant*.

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ENLARGEMENT OF TIME TO RESPOND TO
<u>DEFENDANT'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE</u>**

Norman L. Stone ("Stone") respectfully submits this opposition to Michael Raskin's ("Raskin") Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss or Transfer for Improper Venue or, in the Alternative, Motion for Permission to Conduct Limited Discovery as to Venue (the "Motion").

**Preliminary Statement**

Stone filed his Motion to Dismiss or Transfer for Improper Venue (the "Venue Motion") on June 4, 2012. Stone has previously consented to two extensions of time, totaling three additional weeks, for Raskin to respond to the Venue Motion. Stone agreed to the first of those prior extensions because the parties were then engaged in an effort to resolve the issues raised in the Venue Motion. Stone consented to a second extension based on the parties' express, unequivocal agreement, reached during a telephone conference on June 28, 2012, that the Venue Motion would be resolved through a stipulated transfer of this action to the District of Connecticut. The second extension was expressly granted to give the parties adequate time to finalize a joint notice of consent to transfer and a proposed order. The parties agreed to a generous extension of time for this purpose because Raskin's counsel informed Stone's counsel that he was about to relocate his office, and, with the July 4th holiday week just ahead, it was agreed among counsel that it would be prudent to allow ample time to prepare the transfer papers.

Raskin did not honor his agreement to resolve the Venue Motion through a stipulated transfer of this action. Raskin now, wrongly, denies ever having agreed to transfer this action. He now apparently refuses to transfer the case to Connecticut unless Stone agrees to consolidate in Connecticut all existing and future legal disputes between the parties to this action, Raskin and Stone, as well as non-parties such as GC Distribution Systems, LLC ("GC

1

Distribution") that Raskin's counsel admits cannot properly be sued in Connecticut. (*See* Dkt. 18-1 at 29:8-16.) Essentially, Raskin has reneged on his agreement to transfer this action to a forum in which it could, and should, have been brought, in the hope that he can pressure Stone to agree to the litigation of disputes in Connecticut that do not belong there.

Raskin now seeks a *third* extension of time in which to respond to the Venue Motion, ostensibly to afford the parties additional time to discuss Raskin's proposed consolidation in Connecticut. No additional time is required for any such "discussions." Raskin filed this action in a blatantly improper venue. Stone set forth clearly in his Venue Motion the reasons why Raskin's laying of venue in this Court was baseless, and dismissal or transfer of this action is mandatory. Stone then agreed to resolve, through a stipulated transfer, the problem Raskin had created by selecting an improper venue. Raskin proceeded to pretend, for tactical reasons, that he had never made that agreement. Stone is in no way obliged to respond to Raskin's repudiation of his express agreement by negotiating a different resolution of Raskin's fatal venue problem, and Stone will not do so.

Nor should Raskin be permitted to delay further the resolution of the Venue Motion by engaging in pointless jurisdictional discovery. After the filing of the Venue Motion, Stone provided his 2011 New York State income tax returns, which demonstrate that Mr. Stone is a resident of the State of New York, to Raskin's counsel. Raskin has had more than enough time to consider this conclusive documentary evidence of Stone's residency. The only basis Raskin cites for jurisdictional discovery – a hearsay statement of a process server that he was told by Russell Rogg that Stone had retired to Florida – is completely refuted by the declaration of Mr. Rogg submitted herewith. Raskin does not have an unconditional right to jurisdictional discovery, and particularly in the circumstance presented here – where Raskin has admitted to

filing this motion simply to get more time to try to pressure Stone into moving unrelated disputes to Connecticut along with this action – the request for such discovery should be denied.

Raskin has had nearly two months to attempt, subject to the strictures of Rule 11, to justify his baseless choice of venue.[1]  It is high time that he do so.  No good cause exists to extend for a third time the deadline for Raskin to respond to the Venue Motion, and Raskin's Motion should be denied.

**Background[2]**

On April 27, 2012, the Stone 2003 Grandchildren Trust (the "Trust"), for which Norman Stone acts as representative, filed a complaint in the Delaware Court of Chancery (the "Delaware Action") seeking a declaration concerning the narrow issue of the membership and control of GC Distribution, a Delaware LLC.  (Baron Decl. ¶ 2.)  Prior to the disputes that precipitated the Delaware Action, Raskin and the Trust each owned fifty percent of GC Distribution.  (*Id.*)  Raskin has filed counterclaims in the Delaware Action alleging, *inter alia*, that the Trust breached the Limited Liability Company Agreement for GC Distribution and breached its fiduciary duty by engaging in competition with GC Distribution.  (*Id.* ¶ 3.)

On May 2, 2012, Raskin filed this action in the Southern District of Florida, seeking correction of inventorship of a patent and alleging, *inter alia*, breach of an oral agreement between Stone and Raskin to convey an equity interest in two Hong Kong companies,

---

[1] It is notable that the only alleged support Raskin has advanced for any belief that Stone resides in Florida, is the (erroneous) statement of a process server that occurred *after* the filing of the complaint and, therefore, could not have provided a good faith basis under Rule 11 for the commencement of this action.

[2] Defendant submits herewith the Declaration of Robert H. Baron ("Baron Decl."), dated July 23, 2012, and the Declaration of Russell Rogg ("Rogg Decl."), dated July 20, 2012.

Tru Woods Ltd. and Vertex Services, Ltd.  (*Id.* ¶ 4.)  Although GC Distribution is briefly mentioned in the Complaint, GC Distribution is not a party to this action and is not the subject of any count of the Complaint.  (*See* Dkt. 1.)  Raskin concedes that GC Distribution is simply "not part of [this] action."  (*See* Dkt. 18-1 at 39:5-7 ("GC was really never a party and was never properly in the Florida action"), 41:12-14 ("the GC issues are not part of [the Florida] action").)

On June 4, 2012, Stone filed the Venue Motion seeking an order dismissing this action or, in the alternative, transferring it to a district where venue is proper—*i.e.*, the District of Connecticut, where the events or omissions giving rise to the claims in this case allegedly occurred, or the Southern District of New York, where Mr. Stone is domiciled.  (*Id.* ¶ 5; Dkt. 7.)

On June 14, 2012, Stone's counsel confirmed Stone's statement in his Declaration supporting the Venue Motion that he is domiciled in New York by providing to Raskin's counsel a copy of Stone's 2011 Amended Resident Income Tax Return for New York State.  (Baron Decl. ¶ 6)

On June 20, the day before Raskin's response to the Venue Motion was due to be filed, the parties agreed to an eight-day extension of time, until June 29, for Raskin to respond. (Baron Decl. ¶ 7.)  Stone's counsel consented to this request both as a matter of professional courtesy and because the parties were involved in discussions to resolve the issues raised by the Venue Motion.  However, Stone's counsel informed Raskin's counsel that Stone would not agree to a further extension of time for Raskin to respond.  (*See id*; *see also* Dkt. 14 ¶¶ 2, 4.)

On June 27, in response to Raskin's counsel's request, Stone's counsel provided a copy of Stone's original 2011 New York State Resident Income Tax Return to Raskin's counsel.[3] (Baron Decl. ¶ 8.) In his transmittal email, Stone's counsel stated to Raskin's counsel:

> At this point, I believe Mr. Raskin has no other choice other than to dismiss his case or consent to a transfer. Indeed, we do not believe that Mr. Raskin had a Rule 11 basis to file this lawsuit in Florida in the first place. Mr. Stone reserves all his rights to move for sanctions or costs.

(*Id.*)

During a telephonic conference in the morning of June 28, 2012, the day before the extended deadline for Raskin's response to the Venue Motion was to expire, Raskin's and Stone's counsel reached an agreement to transfer this action to the District of Connecticut. (Baron Decl. ¶ 9.) In light of this agreement, Raskin's counsel's representation that he was moving his office the next day and would need time to finalize the transfer stipulation, and the upcoming July 4th holidays, Stone's counsel consented to a second extension of time for Raskin to respond to the Venue Motion, to July 10. (*Id.*)[4]

The very next day, June 29, Raskin's counsel filed an application for a Temporary Restraining Order in the Delaware Action. (*Id.* ¶ 10.) In a conference concerning that application before the Delaware Chancery Court on July 6, at which Stone's counsel in this action were not present, Raskin's counsel denied the existence of the agreement to transfer this

---

[3] The relevant information in Stone's 2011 tax returns is the same in the original and amended returns. (Baron Decl. ¶ 8.)

[4] In the same telephone conference, Stone's lead counsel, Mr. Hummel, informed Plaintiff's counsel that he was flying to Europe the next day for his wedding and honeymoon. (Baron Decl. ¶ 9.)

5

action to the District of Connecticut. (*See* Dkt. 18-1 at 41:2-8 ("We have yet to reach an agreement . . . and we are in discussions as to a potential transfer of the case to Connecticut.").)

On July 9, at 7:53 p.m., the night before the second extended deadline to respond was to expire, Raskin's counsel requested that Stone consent to yet another extension of time to respond to the Venue Motion. (Baron Decl. ¶ 11.) In the morning of July 10, in light of Raskin's reneging on his agreement to transfer this action to Connecticut, and because Raskin had already received two extensions of time in which to prepare a response, Stone's counsel declined to consent to Raskin's request for a third extension of time. (*Id.*) Stone's counsel reiterated Stone's willingness to resolve the Venue Motion on the basis previously agreed, with a transfer of the action to the District of Connecticut, and sent to Raskin's counsel a draft Joint Notice of Consent to Transfer and a proposed transfer order for submission to the Court. (*Id.*) Later that day, Raskin filed the instant motion.

**Argument**

A. <u>Raskin Has Not Shown Good Cause for a Third Extension of Time</u>

Under Federal Rule of Civil Procedure 6(b), a court may, for good cause, extend the time for responding to a motion. No good cause exists here for a further extension.

Raskin has already received, with Stone's consent, two extensions totaling three additional weeks to respond to the Venue Motion. Stone agreed to those prior extensions because the parties were then engaged in an effort to resolve the issues raised in the Venue Motion. (*See* Baron Decl. ¶¶ 7, 9.) Indeed, when Stone consented to the second extension, it was with the express understanding that the parties had, in fact, agreed that this action should be transferred to the District of Connecticut and that the extension would serve only to allow the parties adequate time to finalize a joint notice of consent to transfer and proposed order for the

6

Court's consideration. (*See id.* ¶ 9.) After repudiating, and inexplicably denying the very existence of, that agreement, Raskin waited until the very last minute to seek yet another extension on the ground that the parties require additional time "to continue their discussions as to whether to litigate all their claims [in] one forum, [and] whether that forum is Florida, Connecticut, Delaware, or New York." (Dkt. 18 ¶ 18.)

No additional time is required for "discussions." Stone agreed to a negotiated resolution that would have solved the problem that Raskin created by filing this action in a blatantly improper venue. Raskin has no right to maintain an action in an improper venue indefinitely while he seeks to obtain tactical advantage by striking deals, then repudiating them and trying to get better terms, all while lying about his conduct in various courts. There never is, and never was, any legitimate basis for the laying of venue of this action in this Court. Raskin has had nearly two months to explain why his action should not be dismissed or transferred to a district where venue is proper. It is time for him to put up or shut up. There is no good cause for granting Raskin a *third* extension of time in which to respond to the Venue Motion.

B.     Raskin's Claims Related to GC Distribution Are Irrelevant to the Venue Motion.

In an attempt to cloud the straightforward issues presented by the Venue Motion, Raskin contends that venue in this forum is proper because, "[w]ith respect to GC Distribution, the alleged events or omissions giving rise to the claim occurred in Florida, where GC Distribution has its headquarters and was managed directly by Stone." (Dkt. 18 ¶ 17.) The location of GC Distribution's offices and the activities occurring therein, however, are irrelevant to the propriety of venue in this district because, as even Raskin admits, GC Distribution is not a party to this action and was never a subject of the claims asserted in this action. (*See* Dkt. 18-1 at 39:5-7 ("GC was really never a party and was never properly in the Florida action"), 41:12-14

7

("the GC issues are not part of [the Florida] action").) It is for this reason, and no other, that the Venue Motion does not refer to the Delaware Action. The parties and issues raised in the two actions are quite different. Indeed, when Raskin's counsel here filed a TRO application in the Delaware Action one day after agreeing to transfer this case to Connecticut, Raskin's counsel did not think it necessary to say a word about the filing, much less give notice of it, to Stone's counsel in this action. (Baron Decl. ¶ 10.)

Raskin objects that, because the Trust brought claims concerning the membership and ownership of GC Distribution in Delaware, "Stone should not be permitted to argue that the venue of this action is only proper in New York or Connecticut." (Dkt. 18 ¶ 16.) That is nonsense. Raskin cites no legal authority in support of this argument, and there is none. The defendant in this action (Norman Stone) is not the same as the plaintiff in the Delaware Action (the Trust) and, as stated, the present action does not concern GC Distribution. While the Delaware Chancery Court is a proper venue for the Trust's claims concerning the management of a Delaware corporation, it is not a lawful venue for the claims Raskin has asserted in this case against Stone, a New York resident, in his personal capacity based on alleged events that took place, if anywhere, in Connecticut. Neither Stone nor the claims against him in this action are sufficiently connected to Delaware for it to serve as a venue for this case.

In any event, Raskin's arguments about Delaware are utterly beside the point. Raskin brought this case in this Court, in the Southern District of Florida, with no proper basis. The question whether all disputes among Raskin, Stone and persons or entities related to them can be, much less should be, adjudicated in a single action in some forum is not before this Court. The only questions for decision by this Court are whether Raskin may proceed in this Court, despite Stone's showing in the Venue Motion that venue is improper here, and whether

Raskin should be granted even more time to respond to the Venue Motion. The obvious, indeed inescapable, inference from Raskin's desperate attempts to delay his response yet again is that Raskin has no colorable defense of his venue selection.

        C.        Raskin's Alternative Request for Venue Discovery Should Be Denied.

Jurisdictional discovery "is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing of . . . jurisdiction." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009) (jurisdictional discovery not warranted because the additional facts sought would not affect the jurisdictional analysis). Rather, jurisdictional discovery is proper only "where there is a *genuine dispute* concerning jurisdictional facts necessary to decide the question of . . . jurisdiction." *Id.* (emphasis added). A plaintiff seeking jurisdictional discovery must make a showing that such discovery is needed and must identify the specific information to be sought and how such discovery would support its assertion of jurisdiction. *See Zamora Radio, LLC v. Last.fm, Ltd.*, No. 09-20940-CIV, 2011 WL 2580401, at *11-12 (S.D. Fla. June 28, 2011) (denying request for jurisdictional discovery because the plaintiff failed to identify the specific information sought that would establish personal jurisdiction over the defendant); *Vision Media TV Group, LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) (same).

There is no genuine dispute as to the facts related to proper venue for this action. Stone has submitted a declaration stating that he resides in the State of New York, which has been his permanent home and domicile for more than 50 years. (*See* Dkt. 7-1 ¶¶ 2-4.) In an attempt to create a dispute where none exists, Raskin relies on a process server's account of an unsworn, out-of-court statement by a non-party that "Norman [L.] Stone is still the chairman of Metroflor but has retired to Florida." (Dkt. 18 ¶ 20.) The substance of this statement, included

9

in the Amended Affidavit of Non-Service filed with the Motion (*see* Dkt. 18-2), is not a matter within the personal knowledge of the process server who signed the affidavit.  Thus, the process server's statement is not a "concrete proffer" sufficient to controvert Stone's signed declaration that he resides and is domiciled in New York, not in Florida.  *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402-403 (4th Cir. 2003) (holding that the district court acted within its discretion in refusing to allow jurisdictional discovery where it found "a lack of any concrete proffer by [plaintiff]" to contradict the defendant's jurisdictional affidavits).

In addition, Raskin has already been provided with documentary evidence of Stone's domicile – *i.e.*, his 2011 tax returns indicating that he pays New York State income tax as a resident of New York.  (*See* Baron Decl. ¶¶ 6, 8).  Raskin has had more than enough time to consider this conclusive documentary evidence of Stone's residency.  And, the Amended Affidavit of Non-Service is expressly contradicted by the Declaration of Russell Rogg, which is submitted herewith.  (*See* Rogg Decl. ¶¶ 2-7.)  Mr. Rogg states clearly that he did not make the statement the process server attributes to him.

In short, Raskin's request for venue discovery is nothing more than a "fishing expedition", *see Carefirst of Maryland*, 334 F.3d at 402-403, but in an area Raskin knows there are no fish.  The request should be denied.  If, however, the Court were to grant Raskin's request for limited venue discovery, any such discovery should be limited to a brief deposition of Norman Stone confined solely to the issue of his domicile, as that is the only venue-related matter as to which Raskin pretends there remains any factual dispute.

## Conclusion

For the foregoing reasons, Raskin's Motion should be denied.

Dated:  July 23, 2012                                 Respectfully submitted,


                                                      /s/ Samuel A. Danon
                                                      Samuel A. Danon
                                                      Florida Bar No. 0892671
                                                      HUNTON & WILLIAMS LLP
                                                      1111 Brickell Avenue, Suite 2500
                                                      Miami, Florida  33131
                                                      Tel:  (305) 810-2500
                                                      Fax:  (305) 810-2460
                                                      Email: sdanon@hunton.com

                                                             - and-

                                                      Keith R. Hummel (admitted *pro hac vice*)
                                                      Email:  khummel@cravath.com
                                                      Robert H. Baron (admitted *pro hac vice*)
                                                      Email:  rbaron@cravath.com
                                                      CRAVATH, SWAINE & MOORE LLP
                                                      Worldwide Plaza
                                                      825 Eighth Avenue
                                                      New York, New York  10019
                                                      Tel:  (212) 474-1000
                                                      Fax:  (212) 474-3700

                                                      *Counsel for Defendant, Norman L. Stone*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF, on July 23, 2012, on all counsel or parties of record on the Service List below.

/s/ Samuel A. Danon
Samuel A. Danon

Richard A. Ivers
Law Office of Richard A. Ivers
2421 N. University Drive, 3rd Floor
Coral Springs, Florida  33065
Tel:  (954) 757-6262
Fax:  (954) 757-6594
Email:  richard@iverslawfirm.com

*Counsel for Plaintiff, Michael Raskin*